UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 20-22106-cv-DPG

FLORIDA FAIR HOUSING ALLIANCE, INC.,

    Plaintiff,

v.

DEERPATH ON THE LAKE, LLC,

    Defendant.
_____/

DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant, DEERPATH ON THE LAKE, LLC, through undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and Local Rule 7.1(a), moves to dismiss the Complaint and as grounds for the relief sought states:

Background to Dispute

Florida Fair Housing Alliance, Inc. ("FFHA") was incorporated by Ryan Turizo on February 13, 2020. The corporation's principal place of business is a residence located at 1736 NE 171 Street, North Miami Beach. Mr. Turizo purports to be an Hispanic male with several prior felony convictions. He has filed multiple lawsuits in this District in his capacity as a "tester" claiming that criminal background checks performed by rental properties in connection with their application process have a disparate impact on him under the Fair Housing Act.

On March 18, 2020, FFHA's counsel sent a letter including a draft lawsuit to Defendant's representative. The letter informed that it was an invitation to resolve the claims made in the draft lawsuit before filing it. Despite discussions about the merits of FFHA's claims in the draft complaint, FFHA moved forward and filed the instant lawsuit. The allegations in this lawsuit are different than those in the draft lawsuit.

There are several bases for dismissal of the Complaint but each relate to the FFHA's inability and failure to set forth a plausible basis for its claims which consequently establish its lack of standing to bring, and this Court's jurisdiction over, the claim.

## Memorandum of Law

I. <u>Pleading Standard</u>.

Fed. R. Civ. P. 8 governs the pleading standard in all civil actions and proceedings in the United States district courts.  Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. That standard does not require detailed factual allegations, but it demands more than an unadorned "the-defendant-unlawfully-harmed-me accusation."  It also must contain more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662 at 678; 129 S. Ct. 1937, 173 L. Ed.2d. 868 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, *supra*.  Dismissal is appropriate under Rule 12(b)(6) if the claim either (1) fails to present a cognizable legal theory, or (2) fails to contain sufficient facts to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).   However, there are certain types of claims that have heightened pleading standards.   One such type of claim is for disparate impact.

A.     Pleading Standards for Disparate Impact Claims

Disparate impact cases challenge practices "that have a 'disproportionately adverse effect on minorities" and are otherwise unjustified by a legitimate rationale." *Texas Dept. of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, ____U.S.____, 135 S. Ct. 2507, 2513, 192 L. Ed. 2d 514 (2015) (citing *Ricci v. DeStefano*, 557 U.S. 557, 577, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009). To state a *prima facie* case of disparate impact discrimination, a plaintiff must identify a specific practice or policy that statistically causes a disparate impact on the protected group. To meet this burden of proof, the plaintiff must demonstrate a **_robust_** causality between the claimed practice and the alleged disparity to protect a defendant from liability for a disparity it did not create. *Inclusive Cmtys*, 135 S. Ct. at 2523, cited in *Carson v. Hernandez*, 2018 U.S. Dist. LEXIS 18578 (N.D. Tex. 2018).   Whether a case presents a claim of disparate impact is best examined at the pleading stage.  A plaintiff who fails to allege **_facts_** and **_statistical evidence_** demonstrating that causal connection cannot make out a prima facie case of disparate impact." *Inclusive Cmtys*, at 135 S. Ct. 2507, 2523.

Statistical evidence offered in a pleading must be sound and _geared to the community which gives rise to the claim_. *Oviedo Town Ctr II,L.L.L.P. v. City of Oviedo*, 59 Fed Appx. 828, 836-837 (11th Cir. 2018).  See also *Schwarz v. City of Treasure Island*, 544 F 3d. 1201, 1217-1218 (11th Cir. 2008) and *Fortune Soc'y v. Sandcastle Towers Hous. Dev. Fund Corp.*, 388 F. Supp 3d. 145, 153-154 (E.D.N.Y. 2019)[relevant statistics are those based on disparities found in the surrounding area].   General population statistics are inadequate to establish the relationship, if any, between a pool of _qualified_ applicants who fall within a protected class and those who fall outside of a protected class and their respective rates of felony convictions. *Mandala v. NTT Data, Inc.*, 2019 U.S. Dist. LEXIS 119832 (W.D.N.Y. 2019).

The other pleading standard that FFHA must meet is stating sufficient ultimate facts to establish its standing to bring suit.  Because FFHA brings the Complaint in its own right, it must meet the pleading standards for organizational standing not only for purposes of showing an actual injury but also to establish the Court's jurisdiction over its claim.

B. <u>Pleading Standards for Organizational Standing</u>

A threshold question in every federal case is whether the plaintiff has made out a "case or controversy between himself and the defendant within the meaning of Article III of the U.S. Constitution.  See *Warth v. Seldon*, 422 U.S. 490, 498, 95 S.Ct. 2197; 45 L. Ed. 2d 343 (1975). To establish standing a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable federal decision.  See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  Standing is both a pleading standard and a jurisdictional standard.  *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016).

A facial attack on jurisdiction based on lack of standing may be made under Fed. R.Civ.P.12(b)(1).  *Kennedy v. Floridian Hotel*, 2018 U.S. Dist. LEXIS 235837 (S.D. Fla.2018 [standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims].  See also *Taylor v. Wing It Too, Inc.*, 2013 U.S. Dist. LEXIS 101328 (S.D. Fla. 2013).

The injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016).  While Congress intended that there be broad standing under the Fair Housing Act a plaintiff must still alleged a particularized injury. *Havens Realty Corp. v. Coleman* , 455 U.S. 363, 372, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (quoting *Gladstone, Realtors v. Vill. of Bellwood,*

441 U.S. 91, 103 n.9, 99 S. Ct. 1601, 60 L. Ed. 2d 66 (1979).  An organization may establish standing in two ways: first, by demonstrating harm to the organization itself ("organizational standing") or to its members ("associational standing").  *Jacobson v. Fla. Sec'y*, 957 F. 3d. 1193 (11th Cir. 4/29/20).  Each has distinct requirements.

As discussed in *Fortune Soc'y*, supra, an organization must meet the same standing test that applies to individuals by showing actual or threatened injury in fact that is fairly traceable to the alleged illegal action and likely to be redressed by a favorable court decision.  When an organization brings a claim, it need not identify the individuals allegedly injured by the defendant's actions because the organization itself is seeking to vindicate whatever rights and immunities it may enjoy.  An injury that establishes organizational standing is the organization's diversion of time or resources to combat the challenged practice.  See *Havens Realty*, 455 U.S. 363 at 378-79.

An organization may also assert associational standing, that is, standing to bring suit on behalf of its members. *Jacobson, supra*, at 1204.  To bring a claim by way of "associational" standing, a plaintiff must show that: "(a) [the organization's] members would otherwise have standing to sue in their own right; (b) the interests [the organization] seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  Associational standing requires that the organization identify at least one of its members by name who allegedly suffered an injury. *Nat'l Franchisee Ass'n v. Burger King,* 715 F. Supp.2d 122 (S.D. Fla. 2010).

II.  **The Complaint Lacks Allegations of Ultimate Fact to Establish a Plausible Claim for Relief, Plaintiff's Standing to Bring Such a Claim and the Court's Jurisdiction Over Any Such Claim.**

The Complaint is "window dressed" with citations to Supreme Court cases, HUD Guidance, general demographics, policy statements, formulaic allegations and conclusions of law intended to divert the Court's attention from its lack of allegations of ultimate fact.  Indeed, the sum and total of the Complaint's ultimate facts are found in ¶ 15.  In it, FFHA alleges that on March 13, 2020, the organization (through its tester Mr. Turizo) called Defendant's property and spoke with someone named "Janessa."  When Mr. Turizo asked "Janessa" if any apartments were available, she responded affirmatively.  Mr. Turizo then allegedly asked whether his application would be denied due to a felony record conviction and "Janessa" allegedly replied, "***possibly.***"

This allegation hardly establishes "a specific identifiable practice or policy" by Defendants to automatically exclude applicants with felony conviction. [1]  Nor does it establish the "robust" causal link between Defendant's policy or practice and a disparate impact on a particular qualified protected group that is required to state a *prima facie* case.  And to the extent that FFHA purports to offer statistics to meet this gap, those cited in the Complaint are taken from HUD's Guidance and are generalized national statistics not tailored specifically to the ***South Florida*** community where FFHA alleges the discrimination took place. [2]

Also missing from the Complaint are requisite allegations to establish organization or associational standing.  The Complaint does not allege that FFHA diverted time or resources from

---

[1]  In fact, even if Defendant had such a policy, it would not necessarily violate the Fair Housing Act. See, *Inclusive Cmtys*, 135 S. Ct. at 2523-2524

[2]  The allegations of the Complaint must be taken as true for purposes of Motion to Dismiss. ¶ 1 of the Complaint references the "South Florida area."  ¶5 alleges that Defendants "transact business in this District and the complained conduct of Defendant occurred in this district."  In reality, however, Defendant operates the multifamily housing community at issue in *Tampa*.

an established educational or outreach program and therefore, suffered a tangible injury. But, even if it had made such an allegation, FFHA still could not establish standing given it also fails to allege how Defendant's policy of "possibly" rejecting individuals with felony convictions caused an injury. The common meaning of the word "possibly" implicates a range of outcomes, ***not the blanket exclusion*** that FFHA alleges. To overcome this legal obstacle, FFHA alleges that "Janessa" did not undertake further inquiry into the nature of Turizo's felony conviction. But FFHA also does cite any law, rule or regulation that requires Defendant to make any further inquiry. Thus, this allegation in ¶15 is simply a conclusion of law to which no deference is required when ruling on a Motion to Dismiss.

Nor does the Complaint allege that FFHA has "members" or that it is suing on behalf of an identified member. Indeed, the Complaint is so devoid of allegations of ultimate fact that not only does it fails to state a cause of action, but it also fails to establish FFHA's standing to sue and this Court's jurisdiction. For these reasons, the Complaint is due to be dismissed under Fed, R.Civ.P Rules 12(b)(1) and (6).

WHEREFORE, Defendant respectfully requests that the Court grant this Motion, dismiss the Complaint and grant such other relief as the Court deems just and proper.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for Defendants
7480 Fairway Drive, Suite 209
Miami Lakes, FL 33014
(Tel) (305) 556-3663
(Fax) (305) 556-3647
Email: langbeinpa@bellsouth.net

By: *lsI* Leslie W. Langbein
    Leslie W. Langbein, Esq.
    Fla. Bar No. 305391

## **CERTIFICATE OF SERVICE**

I CERTIFY that a copy of the foregoing was filed electronically on 6/17/20 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ ECF on all counsel for the parties of record or via first class mail on all unrepresented parties on the attached service list:

By: *lsI* Leslie W. Langbein
Leslie W. Langbein, Esq.

## **SERVICE LIST**

Jibrael S. Hindi, PLLC.
110 SE 6th St., Suite 1744,
Fort Lauderdale. FL 33301
Tel: (844) 542-7235
Fax: (855) 529-9540
Email: jibrael@jibraellaw.com